Isaac Rodriguez
5658 N. 62nd Ave.
Glendale, AZ 85301
480-934-6963

MEMORANDUM ENDORSED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| Carnella Times et al., | Case No. 1:18-cv-02993 |
|---|---|
| Plaintiffs, | |
| vs. | MOTION FOR ISSUANCE OF SUBPOENA |
| Target Corporation, | |
| Defendant. | |

COMES NOW Plaintiff Isaac Rodriguez, putative class member, pro se, moves this Honorable Court to issue subpoena to appear and testify pursuant to Rule 45(a)(1)(C). Fed. R. of Civ. Proc.

On December 10, 2015, Plaintiff Times entered into a tolling agreement with Target on behalf of herself and the class. ECF No. 1 (Compl.) ¶20. In March 26, 2018, the parties entered into a negotiated Settlement Agreement memorializing a class-wide settlement concerning race discrimination in violation of Title VII of the Civil Rights Act of 1964. (Dkt. 48). Exh. A(Agreement).

In addition to monetary payments from Target Corporation to Plaintiff and class members, Target Corporation agreed to require an opt-out period. Sections 4.1(D), 4.2 of the agreement, and defined on the Notice of Claim form approved by the Court, provided an opportunity for class members to exclude themselves from the class in

1

order to file an individual lawsuit against Defendant. (Dkt. 48, Exh. A). (Dkt. 5; Miazad Declaration ("Miazad Decl."). Exh. A(Agreement), Exh. B (Notice of Claim)

Plaintiff asserts that Target Corporation has refused to comply with the settlement agreement it reached with the class because it has argued against the opt-out period, the statute of limitations, the tolling agreement, and the preservation of evidence. (Dkts. 79-80).

Ossai Miazad represented the class and has done substantial work identifying, investigating, negotiating, and settling Plaintiffs' and putative class member's claims. Miazad Decl. ¶¶14-25.  Plaintiffs' Counsel also engaged in significant investigation before entering into negotiations, and throughout the mediation process, the Parties exchanged detailed mediation statements setting forth their respective positions. *Id*. at ¶¶14, 16-20, 23.

Class Counsel's presence and testimony are required to interpret the terms and opt-out provisions set forth in the Settlement Agreement (Dkt. 48).  In particular, the interpretation of the tolling agreement and the time period of release and exclusion from the settlement, including Class Counsel's knowledge of any discussions and/or communications between or among Class Counsel and defendant's counsel referring or relating to Defendant's duty requiring providing notice to the EEOC and the court of proposed predetermined adverse action in regard to each of Defendant's positions on both, the statute of limitations and preservation of evidence that served to bar class members who elected to opt out and pursue their own individual claims, from the start of the class liability period on <u>May 11, 2006</u> up to <u>March 2011</u>, when defendant claims to implement the job applicant records hold. *Ferguson V. Flying Tiger Line*, 688 F.2d 1320 (9th Cir. 1982) (Provision in predetermination settlement agreement requiring employer to notify EEOC of any proposed adverse personal action to be taken against employee on whose behalf agreement was negotiated).

2

The materials sought by the subpoena will establish Plaintiff's claim was tolled and that his claim was not barred by either the statute of limitations or defense of laches. The allegations that Plaintiff asserts herein are sufficient to establish that Defendant materially breached the settlement agreement. As such, Class Counsel's appearance is pertinent to this matter.

Plaintiff sent correspondence to Class Counsel Ossai Miazad via email to discuss this matter, but received no response.

Wherefore, Plaintiff asks this Court for issuance of subpoena to appear and testify attached hereto.

Respectfully submitted this 11th day of February, 2025.

/s/Isaac Rodriguez
Isaac Rodriguez

The application for a subpoena or to take any discovery of class counsel prior to the Court's decision on the pending motions is denied. Mr. Rodriguez's reply brief, due February 26, 2026, may raise the issue of why discovery should be permitted as to class counsel and why it is necessary for the disposition of Mr. Rodriguez's motion, but must otherwise address defendant's opposition to the motion. Defendant has leave to respond to this issue should it be raised in the reply brief by filing a letter within 7 days of the filing of that brief. (If the reply brief raises any other matters for the first time, leave is given to address those matters as well).

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

February 13, 2025