UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CARNELLA TIMES and ERVING SMITH, :
on behalf of themselves and all others
similarly situated, and                                          :
THE FORTUNE SOCIETY, INC.,

                                                     :   OPINION & ORDER
                        Plaintiffs,

                                                      18 Civ. 2993 (GWG)

        -against-                                        :

TARGET CORPORATION,                         :

                               Defendant.   :
---------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

      Before the Court are three motions by putative class action pro se plaintiff Isaac Rodriguez seeking relief relating to the class action settlement in this case and discovery.[1] Defendant Target Corporation ("Target") opposes the motions on the ground that any claim by Rodriguez is barred by the doctrine of res judicata.[2] For the following reasons, Rodriguez's motions are denied.

---

[1] See Plaintiff's Motion to Enforce Judgement [sic], filed December 4, 2024 (Docket # 66) ("Mot. to Enforce Judgment"); Plaintiff's Motion for Relief, filed December 3, 2024 (Docket # 68) ("Mot. for Relief"); Motion for Production of Documents, filed December 4, 2024 (Docket # 70) ("Mot. For Discovery").

[2] See Defendant's Memorandum of Law in Response to Motion to Enforce Judgment, Motion for Relief, and Motion to Compel Discovery, filed January 10, 2025 (Docket # 79) ("Opp."); Declaration of Mark J. Girouard in Support of Defendant's Memorandum of Law in Response to Motion to Enforce Judgment, Motion for Relief and Motion to Compel Discovery, filed January 10, 2025 (Docket # 80) ("Girouard Decl."); Plaintiff's Reply in Support of Motion to Enforce Judgement [sic], Motion for Relief, and Motion to Compel Discovery, filed February 26, 2025 (Docket # 86) ("Reply"); Letter Brief Sur-Reply to Motions to Enforce Judgment, for Relief, and for Production of Documents, filed March 6, 2025 (Docket # 87).

I.      BACKGROUND

The original complaint in this action was filed by plaintiffs other than Rodriguez on April 5, 2018, alleging disparate impact discrimination based on race or national origin in violation of Title VII of the Civil Rights Act of 1964, against Target. See Complaint, filed April 5, 2018 (Docket # 1). The complaint alleged that "Target's use of criminal background checks to screen applicants for prior convictions, many of which are unrelated to the job sought by the applicant or occurred long before the individual's application for employment at Target" are "to the detriment of thousands of African American and Latino job applicants." Id. ¶ 1.

On October 29, 2019, the Court approved the certification of a class in contemplation of a proposed settlement. See Order Granting Plaintiffs' Unopposed Motions for Certification of the Settlement Class and Conditionally Granting Final Approval of the Class Action Settlement, Approval of Attorneys' Fees and Costs, and Approval of Service Award, filed October 29, 2019 (Docket # 55). On December 4, 2019, the Court approved the settlement (the "Settlement Agreement"). See Order Finally Approving Settlement Agreement, filed December 4, 2019 (Docket # 59).

Several weeks later, on December 26, 2019, Rodriguez filed a motion to intervene as a class member. See Memorandum of Law in Support of Plaintiff's Motion to Intervene as a Class Member, filed December 26, 2019 (Docket # 60). Subsequently, the parties informed the Court in a letter that they "met and conferred and have agreed to include Mr. Rodriguez as a Class Member." Letter, filed January 8, 2020 (Docket # 61), at 1. The letter reflects that Rodriguez had not been included as a Class Member earlier because Target did not collect "voluntary race/ethnicity self-identification information from job applications" at the time he applied for a job. Id. at 2.

Rodriguez received a settlement check but returned it to plaintiffs' counsel on August 17, 2020, saying that he wanted to opt out of the class action.  See Letter, dated September 11, 2020 (Docket # 64) ("September 11, 2020, Letter"), at 3.  Then, on August 28, 2020, Rodriguez filed a motion to exclude himself as a class member, claiming that "he was not provided fair notice of the class action settlement against Target Corporation nor afforded a reasonable opportunity to opt-out of the settlement."  Memorandum of Law in Support of Plaintiff's Motion for Exclusion as a Class Member, filed August 28, 2020 (Docket # 63), at 4.  The parties did not oppose the motion, see September 11, 2020, Letter at 3, and the Court granted it, see Memorandum Endorsed, dated September 14, 2020 (Docket # 65).

Shortly thereafter, on September 16, 2020, Rodriguez filed a complaint in the United States District Court for the District of Arizona, alleging that "Target Corporation discriminated against [him] and denied [him] employment and/or refused to consider [him] for employment because of [his] race and national origin by importing the racial and ethnic disparities that exist in the criminal justice system into the employment process."  Civil Rights Complaint by a Prisoner, filed September 16, 2020 (Docket # 1) in Rodriguez v. Target Corporation, 2:20-cv-01814 (D. Ariz.) ("D. Ariz. Compl.") at *4.  In the complaint, Rodriguez listed his cause of action as arising under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.  Id. at *3.

On August 31, 2022, the district court in Arizona granted Target's motion for summary judgment and entered judgment in its favor.  See Order, dated August 31, 2022, annexed as Ex. A to Girouard Decl. (Docket # 80-1) ("August 31, 2022, Order"), at 9-14.  The court found that Target was "entitled to summary judgment based on the doctrine of laches" and because Rodriguez had "failed to meet his burden of establishing a prima facie case of discrimination."

3

Id. at 11-12. The Ninth Circuit affirmed the District of Arizona's grant of summary judgment. See Rodriguez v. Target Corp., 2024 WL 1874996 (9th Cir. Apr. 30, 2024).

On December 3 and 4, 2024, Rodriguez filed the three instant motions. In one motion, Rodriguez argues that the "settlement agreement reached by both parties should be enforced and defendant should be promissory estopped from asserting the defenses of statute of limitations and laches." Mot. to Enforce Judgment at 4. In another motion, Rodriguez argues that the Settlement Agreement "reached by both parties should be vacated, plaintiff's claim of discrimination under the disparate impact theeory [sic] reinstated, and the matter set for trial based on defendant's breach of contract which was motivated by defendant's fraudulent inducement of the EEOC Settlement Agreement." Mot. for Relief at 4. Rodriguez provides no further information on the alleged "fraudulent inducement." However, in Rodriguez's reply brief, Rodriguez explains that the theory of his "fraud cause of action" is that "Target knew" that the stipulation contained in the settlement agreement concerning "the time period of release and exclusion from the settlement for class members who elected to opt out and pursue their own individual claims would be barred by the statute of limitations and the doctrine of laches element of preservation of evidence." Reply at 7.

In brief, the motions appear to raise the following arguments: that defendants should not be able to raise statute of limitations and laches defenses, see Mot. to Enforce Judgment at 4; Mot. for Relief at 8; that the record showed "facts sufficient to establish a prima facie case that the defendant's challenged policy or practice had a significantly disparate impact on African Americans and Latino applicants and can be the basis for Rodriguez's claim," Mot. to Enforce Judgment at 7; Mot. for Relief at 9; and that "defendant was on notice to preserve employment records on a nationwide basis and was aware of potential nationwide allegations," Mot. to

4

Enforce Judgment at 6; Mot. for Relief at 6.  Rodriguez also seeks discovery.  Mot. For Discovery.

On January 10, 2025, defendant opposed Rodriguez's motions, arguing that "his claims are unquestionably barred by the doctrine of res judicata, or claim preclusion" as a result of Rodriguez's suit filed in the District of Arizona.  Opp. at 1.

II.     DISCUSSION

Under the doctrine of res judicata, also known as claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).  Res judicata bars re-litigation when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000); accord Soules v. Connecticut, 882 F.3d 52, 55 (2d Cir. 2018).  "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence."  L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999); accord Marcotte v. City of Rochester, 677 F. App'x 723, 725 (2d Cir. 2017).

Each of these elements is met here.

First, in the District of Arizona action, the district court granted summary judgment to defendant Target.  See August 31, 2022, Order at 9-14.  Summary judgment is an adjudication on the merits for res judicata purposes.  See Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 713 (2d Cir. 1977); Phillips v. Metro. Transp. Auth., 2024 WL 4350533, at *6 (E.D.N.Y. Sept. 30, 2024).

5

Second, Isaac Rodriguez was the plaintiff in the previous action, see D. Ariz. Compl., and is seeking to become a plaintiff in the present action — either to continue the claims made in the complaint or to pursue the previous Settlement Agreement, see Mot. to Enforce Judgment; Mot. for Relief.

As to the third element —whether the claims asserted in the current action could have been raised in the prior action — courts in the Second Circuit consider "whether the second lawsuit concerns 'the same claim—or nucleus of operative facts—as the first suit,' applying three considerations: '(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations.'" Soules, 882 F.3d at 55 (quoting Channer v. Dep't of Homeland Sec., 527 F.3d 275, 280 (2d Cir. 2008)). Both actions here concern the identical factual claim: that Target engaged in employment discrimination based on race and national origin through the application of its background check policy. See D. Ariz. Compl. at *2-4; Mot. to Enforce Judgment at 6-7; Mot. for Relief at 6, 9. Accordingly, the claim Rodriguez is attempting to assert in the present action --- through his attempt to become a class member --- could have been raised in the prior action. Indeed, it was actually raised in the prior action.

Rodriguez's response on the issue of res judicata is difficult to follow; at times, he appears to address defenses that he believes Target might raise concerning the Settlement Agreement. See Reply at 2. Thus, Rodriguez argues that he could not have "raised the promissory estoppel argument in the previous action," because the "breach of the Settlement Agreement claim did not arise out of Plaintiff's employment, but out of the agreement." Id. This argument misses the point: the issue is not whether Rodriguez could have tried to enforce the Settlement Agreement in the District of Arizona action but rather whether the complaints in

6

the two cases arise out of the same nucleus of operative facts. We do not consider the circumstances or facts relating to the Settlement Agreement for this purpose because the Settlement Agreement is merely the resolution of the complaint in the instant matter. It is thus irrelevant to the res judicata analysis.

In a similar vein, Rodriguez argues that while he "did raise a claim of disparate impact in the D. Arizona," his current proposed claim is a "claim of breach of contract which was motivated by Defendant's fraudulent inducement of the EEOC Settlement Agreement," which was not raised to the District of Arizona. Reply at 1-2. As to this "claim of breach of contract," see id. at 1, Rodriguez argues that because of the "fraudulent inducement of the EEOC Settlement Agreement," "plaintiff's claim of discrimination under the disparate impact theeory [sic] [should be] reinstated, and the matter set for trial." Mot. for Relief at 4. Again, this contention does not impact our res judicata analysis because Rodriguez must first become a plaintiff in this lawsuit before he can assert a "breach of contract" claim relating to the Settlement Agreement. For the reasons already stated, the doctrine of res judicata prevents him from becoming a plaintiff in this action.

Rodriguez also seems to argue that certain arguments on the merits relating to exhaustion were not reached by the District of Arizona court and therefore he should be able to raise them here. Reply at 3. But the doctrine of res judicata bars the relitigation of matters already litigated without regard to whether particular issues were addressed by the court where the original litigation was conducted. See generally Nevada v. United States, 463 U.S. 110, 129-30 (1983) ("when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any

7

other admissible matter which might have been offered for that purpose" (alteration marks and citation omitted)).

The remainder of Rodriguez's reply brief contains substantive arguments regarding his underlying employment discrimination cause of action. Because this cause of action is precluded by res judicata, we do not address them.

In sum, Rodriguez's proposed claims in this case are barred by the doctrine of res judicata. As a result, he is not to litigate any claims in this case and is also not entitled to any discovery.

III.    CONCLUSION

For the foregoing reasons, Rodriguez's motions (Dockets ## 66, 68, 70) are denied.

SO ORDERED.

Dated: April 10, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge