UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CARNELLA TIMES, et al.,                            :

                                                   :      ORDER
                              Plaintiffs,
                                                   :      18 Civ. 2993 (GWG)

               -against-
                                                   :

TARGET CORPORATION,
                                                   :
                              Defendant.
--------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

        Former class member Isaac Rodriguez has filed a document entitled "Motion for Reconsideration Pursuant To Rule 54(b)." See Docket # 89. This motion seeks reconsideration of an Opinion and Order issued by the Court on April 10, 2025 (Docket # 88).

        The Court does not view the language Rodriguez cites from Fed. R. Civ. P. 54(b) --- referring to a Court's ability revise a decision before "entry of judgment" --- as applicable given that the final judgment has already been entered. See Docket # 59 (approving Docket # 55, ¶ 32). Accordingly, Rule 54(b) does not provide a source for relief.

        In any case, Rodriguez's motion for reconsideration would have to be denied as untimely given that it was filed more than eight months after the decision being questioned, long after the 14-day deadline allowed for such a motion. See Local Civil Rule 6.3 ("[A] notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged.").

        And even if the motion were not untimely, the motion would be denied on the merits. Local Civil Rule 6.3 provides that a motion for reconsideration shall set forth "the matters or controlling decisions which the moving party believes the court has overlooked." Thus, a motion to reconsider is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Moreover, "[t]he standard for granting a motion for reconsideration is strict . . . and such a motion is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." RCC Ventures, LLC v. Brandtone Holdings Ltd., 322 F.R.D. 442, 445 (S.D.N.Y. 2017) (citations and internal quotation marks omitted). Instead, "[a] motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,

729 F.3d 99, 104 (2d Cir. 2013) (quoting <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Rodriguez's motion does not satisfy this standard. Instead, it rehashes arguments Rodriguez already made to the Court that were considered and found wanting. The Court will not analyze each argument. But we will give one example. To the extent Rodriguez is claiming that the Court "overlooked" that he had once been a plaintiff in this lawsuit and then was permitted to opt out, <u>see</u> Docket # 89 at 5, this provides no basis for reconsideration. The Court did not "overlook" these facts given that the Opinion and Order specifically described Rodriguez's prior participation in the lawsuit. <u>See</u> Docket # 88 at 2-3.

In the end, all of Rodirguez's arguments fail to grapple with the Court's conclusion that the only way for Rodriguez to attack the settlement in this case is for Rodriguez to once again become a plaintiff. But the doctrine of res judicata prevents Rodriguez from becoming a plaintiff in this lawsuit for the reasons stated in the Court's Opinion and Order.

Rodriguez's motion also references Rule 60(b)(1) — presumably to argue that a "mistake" was made. <u>See</u> Docket # 89 at 5. Certainly, "Rule 60(b)(1) is available for a district court to correct legal errors by the court." <u>United Airlines, Inc. v. Brien</u>, 588 F.3d 158, 175 (2d Cir. 2009) (citations and internal quotation marks omitted). For the reasons already stated, however, the Court discerns no mistake in its ruling.

Finally, Rodriguez refers to relief from a final judgment for "fraud" under Rule 60(b)(3). Docket # 89 at 10. He seems to suggest that the settlement was induced by fraud. Putting aside the fact that Rodriguez offers no evidence of fraud, whether the settlement was obtained by "fraud" is irrelevant. Rodriguez has no standing to challenge any aspect of the settlement because he is not a plaintiff to this action and cannot become one now.

For the foregoing reasons, Rodriguez's motion (Docket # 89) is denied. The Clerk is requested to mail a copy of this Order to Rodriguez at the address on the docket sheet.

SO ORDERED.

Dated: December 29, 2025
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2